FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2018 SEP -7 PM 3: 43

DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JAMES KRAFT, on behalf of himself and
those similarly situated,

      Plaintiff,

vs.

CASE NO.: ~~6:17-cv-01623-GAP-TBS~~
6:18-cv-1469-Orl-41GJK

FREIGHT HANDLERS, INC., a Foreign For
Profit Corporation and FHI, LLC a Foreign
Limited Liability Company,

      Defendants.
_____/

## NATIONWIDE COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, James Kraft ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through their undersigned counsel, sue the Defendants, Freight Handlers, Inc., a Foreign for Profit Corporation, and FHI, LLC, a Foreign Limited Liability Company, and allege:

### INTRODUCTION

1. The Fair Labor Standard Act of 1938, 29 U.S.C. § 201 et, seq. ("FLSA") was enacted to ensure "the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). The FLSA establishes minimum wage and overtime requirements for covered employees to achieve this broad remedial purpose. 29 U.S.C. §§ 206, 207. These provisions, and the private right of action granted to employees, prevent employers from pilfering rightfully earned wages of employees. *See, Billingsley v. Citi Trends Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

2. This action seeks to recover unpaid wages owed to Plaintiff, and those similarly

1

situated, who worked for Freight Handlers, Inc. and FHI, LLC ("FHI" or "Defendants"), as non-exempt unloaders, and other employees performing similar duties, however variously titled, at its store locations in the United States. See 29 C.F.R.. § 782.5(c). As a non-exempt employee, outside of the purview of the Motor Carrier Act, Plaintiff is entitled to the applicable minimum wage and overtime wage for each hour he was suffered and permitted to work by Defendant. *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013)("To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'").

3. Due to the following policies and procedures, Plaintiff, and others who were similarly situated, were deprived of wages for hours actually worked: (a) Defendants required Plaintiff and similarly situated employees to work prior to their regularly scheduled shifts and before they were clocked in; (b) Defendants' managers were instructed to "clock out" Plaintiff and similarly situated employees for approximately 1 hour each day while they continued to work; and (c) Defendants required Plaintiff and similarly situated employees to clock out at the end of the day and remain onsite performing unpaid work.

4. Defendants' policies and conduct violate the FLSA, which requires non-exempt employees, such as Plaintiff and similarly situated employees, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5. On its website, www.fhiworks.com/about, Defendants prominently display a testimonial from one of its customers, a large privately owned retailer, stating that by hiring Defendants, the retailer has seen a decrease of over 33,000 overtime hours.

6. Plaintiff, JAMES KRAFT, brings a collective action to recover the unpaid wages owed to him and all other similarly situated current and former employees who were employed by

Defendants nationwide as unloaders, however variously titled, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These class members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURIDSICTION

7. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

8. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

9. Venue is proper in the Middle District of Florida because a substantial portion of the events forming the basis of the suit occurred in this District.

10. Plaintiff worked for Defendant in Orange County, Florida over extended periods of time, and it is Defendants' failure to pay Plaintiff for this work that gives rise to the instant claims.

## PARTIES AND PERSONAL JURISDICTION

11. Plaintiff James Kraft is an individual residing in Polk County, Florida.

12. The Class Members are all of Defendants' current and former workers unloading goods from trucks, who worked for Defendants nationwide, at any time during the three years before the filing of this Complaint up to the present.

13. Defendant, FREIGHT HANDLERS, INC., is a Foreign for profit Corporation that operates and conducts business in Orange County, Florida, as well as nationwide, and is therefore, within the jurisdiction of this Court. The Defendant may be served through its Registered Agent as follows: Cogency Global Inc., 115 North Calhoun St., Suite 4, Tallahassee, FL 32301.

14. Defendant, FHI, LLC, is a Foreign Limited Liability Company that operates and conducts business in Orange County, Florida, as well as nationwide, and is therefore, within the jurisdiction of this Court. The Defendant may be served through its Registered Agent as follows: CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## FLSA COVERAGE

15. "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. See *Salle v. Nirvana Investments, LLC*, 2015 WL 7272681 at *2 (M.D. Fla. November 18, 2015)(citing *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)).

### A. *Employment Relationship*

16. The FLSA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

17. Defendants are employers as defined under the FLSA.

18. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" See *Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

19. Plaintiff and the Class Members were employed by Defendants.

20. Defendants employed Plaintiff and the Class Members as laborers unloading goods at various locations nationwide.

21. Defendants jointly employed Plaintiff and all other similarly situated unloaders.

4

22. At all times material to this action Defendants directly or indirectly, jointly or severally, controlled and directed the day to day employment of Plaintiff and all others similarly situated, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

### B. *Enterprise and Individual Coverage*

23. "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017)(citing *Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006). FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "*employees handling*, selling, or otherwise working on *goods or materials that have been moved in or produced for commerce*." 29 U.S.C. § 203(s)(1)(A)(emphasis added); See *Polycarpe. V. E&S Landscaping Service, Inc*, 616 F.3d 1217, 1222-26 (11th Cir. 2010). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Id.*

24. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce and has employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

26. Defendants provide product handling and logistics services to retailers, distributors, manufacturers, and carriers in the grocery industry. See www.FHIworks.com

27. During Plaintiff's employment, Defendants earned more than $500,000.00 per year in gross sales.

28. Defendants employed more than one-hundred (100) employees and paid these employees plus earned a profit from their business.

29. During Plaintiff's employment, Defendants employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as pallets, grocery products, and other items used to run the business.

30. Additionally, Defendants specifically engage in interstate commerce by acting as a freight handler for various national grocery chains.

31. Therefore, at all material times relevant to this action, Defendants, FREIGHT HANDLERS, INC., and FHI, LLC were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## WAGE VIOLATIONS

32. Defendants require all of their unloading employees to perform work before their regularly scheduled shift and fails to pay them for this work

33. Defendants require their managers to clock unloading employees out for approximately 1 hour each day for breaks and lunch despite the unloading employees continuing to work.

34. Defendants clock out all unloading employees at the end of their shifts but require them to remain onsite to perform additional work, and fail to pay them for this work.

35. At all times relevant to this action, Defendants failed to comply with the FLSA

because Plaintiff, and those similarly situated, currently and previously employed, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated, for all hours worked.

## FACTS

36. Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them all compensation due and owing for all hours worked in a given workweek.

37. Defendants, among other things, are a third-party warehouse servicer and provide a full range of logistic services for companies in the warehouse, distribution, and manufacturing industries.

38. According to their website, Defendants operate in 48 states. See www.fhiworks.com/services/logistics/

39. Defendants hired Plaintiff to work as a non-exempt "Unloader" on or about February 21, 2015.

40. Thereafter, Plaintiff worked as a non-exempt Unloader until approximately June 4, 2018. It is solely during this period of time during which Plaintiff's claims accrued.

41. Throughout the time period in which Plaintiff was employed by Defendants as an "Unloader," Plaintiff's primary duty was unloading products, materials and/or goods from trucks on behalf of Defendants and their clients.

42. At all times relevant to the claim, Plaintiff was employed by Defendants as an "Unloader," and was compensated on piece rate (a/k/a production) basis, determined by the number and weight of the trucks unloaded.

43. During times relevant to the claim, Plaintiff worked in excess of forty (40) hours

within a workweek.

44.     However, Plaintiff was not properly compensated for all his overtime hours worked during the relevant periods of time.

45.     Instead, Defendants systematically paid, and continues to pay, Plaintiff and other similarly situated "Unloaders" for substantially fewer hours than they actually worked.

46.     Defendants' supervisors and managers systematically and consistently clocked-out its Unloaders while still working through lunch or the end of the shift, resulting in off-the-clock hours worked.

47.     Plaintiff was also made to work both pre-shift and post-shift, while not clocked in, resulting in further off-the-clock hours worked.

48.     Defendants' pattern and practice of clocking-out Unloaders while the Unloaders were still working is a nationwide practice, as is the requirement of pre-shift and post-shift off-the-clock work.

49.     Further, Defendants' managers received, and continue to receive bonuses that are in part based on minimizing labor costs.

50.     This off-the-clock work also resulted, and continues to result in Unloaders' wages falling beneath the statutory minimum wage in one or more workweeks.

51.     At various material times throughout the duration of Plaintiff's employment as an "Unloader" for Defendants, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

52. At various material times throughout the duration of Plaintiff's employment as an "Unloader" for Defendants, Defendants failed to pay Plaintiff at least the federal minimum wage in one or more workweeks.

53. Defendants have violated Title 29 U.S.C. §206 and §207 from, at a minimum, February 21st, 2015 to present in that:

   a. Plaintiff and Class Members worked in excess of forty (40) hours per week during their employment with Defendants during one or more work weeks within the three (3) year period preceding the filing of this action;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff and Class Members at the statutory rate of one and one-half times their regulars rate for all those hours worked in excess of forty (40) hours per work week while Plaintiff and Class Members worked for Defendants and as provided by the FLSA;

   c. Defendants failed to pay Plaintiff and Class Members at least minimum wage in one or more workweeks in violation of the FLSA; and

   d. Defendants have failed to maintain proper time records as mandated by the FLSA.

54. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

55. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice or policy of

violating the FLSA on a class wide basis, as described above.

56. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40). Defendants have also denied them full compensation at the federally mandated minimum wage rate.

57. Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as "Unloaders" under the same conditions and subject to the same violations of the FLSA.

58. Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

59. Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

60. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

61. Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and not depend on the personal circumstances of the Class Members.

62. The experience of Plaintiff, with respect to his pay, is typical of the experiences of Class Members.

63. The experience of Plaintiff, with respect to his job duties, is typical of the experiences of Class Members.

64. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

65. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

66. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

67. Although the exact amount of damages may vary across Class Members, the damages for Class Members can be easily calculated by a formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

68. The Plaintiff and the Class Members held the same job title: unloaders.

69. Defendants engaged in a practice of clocking out Plaintiff and Class Members for one hour every day even though they were required to continue working.

70. Furthermore, Defendants had a practice of requiring pre-shift and post-shift work that was off-the-clock and for which Plaintiff and Class Members were not paid.

71. The above referenced "off the clock" work was never factored into Plaintiff's and Class Members weekly overtime calculations.

72. Defendants instituted, created, permitted, and/or required the policy of clocking employees out for one hour each day while requiring Plaintiff and Class Members to work off-the-clock.

73. Defendants instituted, created, permitted, and/or required the policy of requiring Plaintiff and Class Members to perform work while off-the-clock.

74. Defendants have failed to provide accurate overtime and minimum wage compensation for numerous pay periods.

75. Defendants' failure to properly compensate employees at a rate equal to or greater

11

than minimum wage as required by the FLSA, and/or rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's piece rate (also known as production) payment policy or practice that applies to all similarly-situated employees, nationwide.

76. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and Class Members.

77. Specifically, despite the fact that numerous "Unloaders" brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employ, Defendants refused to pay Plaintiff and Class Members their proper compensation as required by the FLSA.

78. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)**

79. Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-78 above as though stated fully herein.

80. Defendants' practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

81. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants, Plaintiff or the Class Members.

82. As such, the class members are properly defined as:

> All "Unloaders" who worked for Defendants at any location in the United States, within the three year period preceding the filing of this Complaint, who worked in excess of forty (40) hours in one (1) or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in one (1) or more workweeks.

### COUNT II – RECOVERY OF MINIMUM WAGE (29 U.S.C. § 206)

83. Plaintiff incorporates and adopts all allegations contained within Paragraphs 1-78 above as though stated fully herein.

84. Defendants' practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

85. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant's, Plaintiff or the Class Members.

86. Defendants failed to keep adequate records of Plaintiff's and Class Member's work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

87. Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

   a. The time of day and day of week on which the employees' work week begins;

   b. The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

   c. An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

   d. The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

    e. The hours worked each workday and total hours worked each workweek;

    f. The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

    g. The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

    h. The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

    i. The dates, amounts, and nature of the items which make up the total additions and deductions;

    j. The total wages paid each pay period; and

    k. The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

88. Defendants have not complied with the federal law and have failed to maintain such records with respect to Plaintiff and Class Members. Because Defendants' records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

89. As such, the class members are properly defined as:

> **All "Unloaders" who worked for Defendants at any location in the United States, within the three year period preceding the filing of this Complaint, who were not compensated at a rate at least equivalent to the federal minimum wage in one (1) or more workweeks as required by the FLSA.**

### DAMAGES SOUGHT

90. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

91. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

92. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b).

93. Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

94. Plaintiff and Class Members hereby demand trial by jury.

## RELIEF EQUESTED

95. For the stated reasons above, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. Overtime compensation for all hours worked over forty (40) in a workweek at the applicable time-and-a-half rate;

   b. All unpaid wages at the FLSA mandated minimum wage rate;

   c. An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

   e. Pre-judgment and/or post-judgment interest, if applicable;

   f. Granting Plaintiff an Order, on an expedited basis, allowing him to send Notice of this action, pursuant to 216(b), to those similarly situated to Plaintiff; and

g. Any and other or further relief to which Plaintiff and Class Members are entitled at either law or equity.

Dated this 7 day of September, 2018

Respectfully submitted by:

**MORGAN & MORGAN, P.A.**

Matthew R. Gunter, Esq.
FBN 0077<!--or 0077-->45920
N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 867-4791
Email: mgunter@forthepeople.com

*/s/ Paul M. Botros*
Paul M. Botros, Esq.
FBN 0063365
600 N. Pine Island Road.
Suite 400
Plantation, FL 33324
Telephone:   (954) 327-5352
Facsimile:   (954) 327-3017
Email: pbotros@forthepeople.com

**SHAVITZ LAW GROUP, P.A.**

*/s/ Camar R. Jones*
Gregg I. Shavitz
FBN 011398
gshavitz@shavitzlaw.com
Camar Jones
FBN 720291
cjones@shavitzlaw.com
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831

*Trial Counsel for Plaintiff and Class Members*