UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES KRAFT,

        **Plaintiff,**

v.                                                                   Case No: 6:18-cv-1469-Orl-41GJK

**FREIGHT HANDLERS, INC. and FHI, LLC,**

        **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Members of the FLSA Collective ("Motion," Doc. 60), to which Defendants filed a Response in Opposition (Doc. 69) and Plaintiffs filed a Reply in Support (Doc. 80). United States Magistrate Judge Gregory J. Kelly issued a Report and Recommendation ("R&R," Doc. 83), recommending that the Court grant the Motion in part and conditionally certify a national class of employees, except for employees in California. (*Id.* at 14–15). Plaintiff and Defendants both filed Objections to the R&R (Doc. Nos. 84, 85) and Responses to each other's Objections (Doc. Nos. 86, 87).

### I.    BACKGROUND

Plaintiff seeks certification pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") for his overtime wage dispute. Defendants provide freight unloading and other services to customers at distribution centers, warehouse, and industrial sites throughout the United States. (Doc. 1 ¶¶ 37–38). Plaintiff alleges that he and others similarly situated were employed by Defendants to unload goods from trucks and break down pallets as "Unloaders," also titled as

"Freight Handlers" or "Lumpers." (*Id.* ¶¶ 39, 41). Plaintiff further alleges: (1) "Defendants required Plaintiff and similarly situated employees to work prior to their regularly scheduled shifts and before they were clocked in;" (2) "Defendants' managers were instructed to 'clock out' Plaintiff and similarly situated employees for approximately 1 hour each day while they continued to work;" and (3) "Defendants required Plaintiff and similarly situated employees to clock out at the end of the day and remain onsite performing unpaid work." (*Id.* ¶¶ 3, 46–48). Plaintiff states that all Freight Handlers were compensated on a production basis determined by the number and type of trucks unloaded. (*Id.* ¶ 42). Also, Plaintiff alleges that he and those similarly situated were not paid overtime because managers were incentivized by receiving bonuses to perform the illegal actions listed above to keep labor costs down. (*Id.* ¶¶ 44–49).

Plaintiff's Motion seeks an Order certifying the following class: "all 'Freight Handlers' (a/k/a 'Lumpers' and/or 'Unloaders' and other employees performing similar duties, however variously titled) employed by Defendants . . . within the last [three] years." (Doc. 60 at 1). Plaintiff also seeks his Notice and Consent forms to be approved by the Court; the ability to send notice via email, U.S. Mail, and text message; permission to send reminder notices halfway through a 90-day opt-in period; permission for potential opt-in plaintiffs to electronically sign and return consents; and for the Defendants to identify all members of the class. (*Id.* at 1–2).

## II. FLSA CLASS CERTIFICATION STANDARD

There is a two-step procedure for determining whether an FLSA collective should be certified: (1) the notice stages; and (2) the decertification stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Motion currently before the Court is at the notice stage, which is when "a district court determines whether other similarly situated employees should be notified." *Morgan*, 551 F.3d at 1260. At this stage, Plaintiff "has the burden of showing

"Freight Handlers" or "Lumpers." (*Id.* ¶¶ 39, 41). Plaintiff further alleges: (1) "Defendants required Plaintiff and similarly situated employees to work prior to their regularly scheduled shifts and before they were clocked in;" (2) "Defendants' managers were instructed to 'clock out' Plaintiff and similarly situated employees for approximately 1 hour each day while they continued to work;" and (3) "Defendants required Plaintiff and similarly situated employees to clock out at the end of the day and remain onsite performing unpaid work." (*Id.* ¶¶ 3, 46–48). Plaintiff states that all Freight Handlers were compensated on a production basis determined by the number and type of trucks unloaded. (*Id.* ¶ 42). Also, Plaintiff alleges that he and those similarly situated were not paid overtime because managers were incentivized by receiving bonuses to perform the illegal actions listed above to keep labor costs down. (*Id.* ¶¶ 44–49).

Plaintiff's Motion seeks an Order certifying the following class: "all 'Freight Handlers' (a/k/a 'Lumpers' and/or 'Unloaders' and other employees performing similar duties, however variously titled) employed by Defendants . . . within the last [three] years." (Doc. 60 at 1). Plaintiff also seeks his Notice and Consent forms to be approved by the Court; the ability to send notice via email, U.S. Mail, and text message; permission to send reminder notices halfway through a 90-day opt-in period; permission for potential opt-in plaintiffs to electronically sign and return consents; and for the Defendants to identify all members of the class. (*Id.* at 1–2).

## II. FLSA CLASS CERTIFICATION STANDARD

There is a two-step procedure for determining whether an FLSA collective should be certified: (1) the notice stages; and (2) the decertification stage. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). The Motion currently before the Court is at the notice stage, which is when "a district court determines whether other similarly situated employees should be notified." *Morgan*, 551 F.3d at 1260. At this stage, Plaintiff "has the burden of showing

a 'reasonable basis' for his claim that there are other similarly situated employees." *Id.* citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007). This standard is "not particularly stringent," but is "fairly lenient" and "flexible." *Id.* at 1261 (quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). In addition to determining whether there are similarly situated employees to the plaintiff, the court must also "satisfy itself that there are other employees of the [ ]employer who desire to 'opt-in' . . . ." *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991).

### III. REPORT AND RECOMMENDATION FINDINGS

In his R&R, Judge Kelly concludes that a nationwide class is appropriate with the exception of California because Plaintiff sufficiently demonstrated that there are other people who are or were Freight Handlers across the country that may wish to opt-in to the FLSA action. As such, Judge Kelly recommends conditionally certifying the following class: All Employees of Freight Handlers, Inc. and FHI, LLC who: (1) are or were employed as "Freight Handlers" (also known as "Unloaders" or "Lumpers" or other employees performing similar duties however variously titled) during the three years preceding the filing of this suit; and (2) worked more than forty hours in a work week without being paid proper overtime compensation or worked forty hours in a work week without being paid minimum wage. (Doc. 83 at 14).

Judge Kelly also recommends several revisions to the proposed Notice and Consent: the language in the section "Effects of Joining Suit" should be modified to states "If Defendants prevail, then you will be responsible for their costs in this matter. While the suit is pending, you may be required to provide information or sit for depositions and testify in court in the Orlando Division of the Middle District of Florida." (*Id.* at 12). And, he recommends that the "final sentence should be amended to reflect that the potential class member will not be responsible to pay

Plaintiff's counsel's attorney's fees directly. The Notice should state that the potential class members have the right to retain their own counsel." (*Id.*). Finally, Judge Kelly recommends that Plaintiffs not be allowed to post notice at Defendants location or via text message, that no reminder notices be sent, and that electronic signatures should be allowed.

### IV. DEFENDANTS' OBJECTIONS

Defendants object to Judge Kelly's factual and legal findings and argue that the Court should consider their affidavits, which they contend undermine Plaintiff's assertions of similarity. Defendants cite *Jones v. RS & H, Inc.*, for the proposition that at this stage, Defendants' affidavits and other evidence can be considered. 18-13068, 2019 WL 2323783, at *3 (11th Cir. May 31, 2019) ("The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary."). However, Plaintiff has provided sufficient allegations and evidence to engage Defendants' affidavits to the contrary. As Judge Kelly notes, there are twelve people who have already filed consents to join this litigation and they all state their primary job descriptions and method of payment method consistently. (Doc. 83 at 5–8). And, there are twenty-six declarations of current Freight Handlers provided by *Defendants* that also express similar descriptions of work as well as payment method. (*Id.* at 6–8). Though there are small differences as the Freight Handlers work different shifts, have different break times, work in different departments, and are paid different amounts based on the type of truck being unloaded, (Doc. 69 at 8, 12–15; Doc. 84 at 4–6); similar does not mean identical. *Hipp v. Liberty Nat. Life Ins.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (citing *Grayson*, 79 F.3d at 1097). And, at this stage, Defendants' "mass of evidence in opposition," including evidence of variation in projects and hours, "goes far beyond the scope of this Court's review at the first stage of the certification

process." *Gonzalez v. TZ Ins. Sols., LLC*, 8:13-CV-2098-T-33EAJ, 2014 WL 1248154, at *5 (M.D. Fla. Mar. 26, 2014) (quoting *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 U.S. Dist. LEXIS 64270, at *14–15 (M.D. Fla. Aug. 21, 2008)). At this stage in the proceeding, "the Court declines to engage in a credibility analysis" between the evidence presented by Plaintiff and Defendants which conflicts. *Id.* at *12. Accordingly, Plaintiff has met his burden to show the named Plaintiffs' positions are similarly situated to the positions held by the putative class members as well as that there are other people that are or were Freight Handlers nationwide that may wish to opt-in to this action.

Defendants make similar objections to argue that Plaintiff has not shown a common policy. However, for the reasons stated above, the Court declines to consider Defendants evidentiary arguments. At this stage Plaintiff has provided enough evidence to the contrary, and these arguments also exceed the Court's limited inquiry at this stage.

Defendants also object to the class definition proposed by Judge Kelly as impermissible because it assumes liability by Defendants. Defendants proposed alternative language for the class definition, (Doc. 84 at 9), and Plaintiff agrees to the modification, (Doc. 87 at 9). The language proposed by Defendants to define the class is as follows:

> All Employees of Freight Handlers, Inc. and FHI, LLC with the exception of California employees who: (1) are or were employed as "Freight Handlers" (also known as "Unloaders" or "Lumpers" or other employees performing similar duties however variously titled) during the [three years] preceding the filing of this suit; and (2) worked more than forty hours in any work week during the [three years] preceding the filing of this suit.

(Doc. 84 at 9). The Court agrees with this modification. Accordingly, Defendants' proposed language will take the place of Judge Kelly's class definition.

Additionally, Defendants also request the Court limit Plaintiff's attorneys' contact with potential opt-in Plaintiffs outside of the notice and consent forms. Defendants request this

limitation in light of Plaintiff's attorneys' previous solicitation of class members on social media via LinkedIn. However, in Plaintiff's Response, Plaintiffs agreed to communicate only in the manners prescribed in this Court's order. (Doc. 87). In light of this, the Court will not give any further instruction. However, the parties are reminded to follow the rules of ethical procedure in all communications at all times.

## V. PLAINTIFF'S OBJECTIONS

Plaintiff only objects to three portions of Judge Kelly's notice provision: language regarding opt-in Plaintiff's potential liability for costs, language regarding opt-in Plaintiff's potentially needing to appear in the Middle District of Florida for deposition, and the denial of reminder notices. (Doc. 85 at 1). All of Plaintiff's objections will be overruled.

Plaintiff argues that Judge Kelly's proposed language regarding costs and potential need to appear in Orlando should not be adopted. Judge Kelly stated that the proposed Notice should be amended so that the section on Effects of Joining Suit would state "If Defendants prevail, then you will be responsible for their costs in this matter. While the suit is pending, you may be required to provide information or sit for depositions and testify in court in the Orlando Division of the Middle District of Florida." (Doc. 83 at 12).

Plaintiff argues that the language regarding costs may have a chilling effect on a potential class member's decision to opt in. (Doc. 85 at 2). One of the cases cited by Plaintiff for this proposition, *Belloso v. Asplundh Tree Expert*, *Co.*, actually stands for the opposite as the language regarding costs was ultimately approved. 6:17-cv-2020-ORL-40GJK, 2018 WL 4760671, at *3 (M.D. Fla. Aug. 24, 2018) ("Moreover, the proposed Notice informs plaintiffs that '[i]f the Class Representative is unsuccessful on the merits of the claim, then you may be responsible for [the defendant's] costs in this matter.' The Court finds this language sufficient to warn potential opt-in

Plaintiff's that they may be liable for some costs.") (citations omitted). This district is replete with case law where district courts have adopted similar language. *See e.g. Gonzalez,* 2014 WL 1248154, at *5. This Court finds that full disclosure to Plaintiffs of the potential risks of participation is important, and thus Plaintiff's first objection is overruled.

With regard to the language about potential travel, Plaintiff makes similar arguments regarding a "chilling effect" on participation. The Court disagrees with Plaintiff's contentions. Potential opt-in Plaintiffs are entitled to know all of the risks of opting in. *See Lockwood v. CIS Services, LLC*, 3:16-CV-965-J-39PDB, 2017 WL 6335955, at *4 (M.D. Fla. Sept. 26, 2017) (approving notice language informing plaintiffs that appearance in the Middle District of Florida may be necessary).

Finally, Plaintiff request the use of reminder notices halfway through the notice period. Plaintiff does not explain in his Motion or his Objection why a reminder notice would be appropriate here. As Judge Kelly reasoned in the R&R, reminder notice is redundant. *See Palma v. Metropcs Wireless, Inc.*, 8:13-cv-698-T-33MAP, 2014 WL 235478, at *3 (M.D. Fla. Jan. 22, 2014). Therefore, this objection will also be overruled.

## VI. CONCLUSION

Accordingly, after a *de novo* review of the record, the Court agrees with the analysis set forth in the R&R except for the class definition, which the parties agreed to modify. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 83) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein.

2. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Members of the FLSA Collective (Doc. 60) is **GRANTED in part and DENIED in part.**

3. This case is **CONDITIONALLY CERTIFIED** as a class action for the following class:

    a. All Employees of Freight Handlers, Inc. and FHI, LLC with the exception of California employees who: (1) are or were employed as "Freight Handlers" (also known as "Unloaders" or "Lumpers" or other employees performing similar duties however variously titled) during the three years preceding the filing of this suit; and (2) worked more than forty hours in any work week during the three years preceding the filing of this suit.

4. Plaintiff is appointed as class counsel.

5. The proposed notice (Doc. 60-1) and Consent to Become Class Member Pursuant to 29 U.S.C. 216(b) (Doc. 60-2) are **APPROVED** with the following revisions:

    a. In the section on Effects of Joining Suit, (Doc. No. 60-1 at 3), the language should be modified as follows: "If Defendants prevail, then you will be responsible for their costs in this matter. While the suit is pending, you may be required to provide information or sit for depositions and testify in court in the Orlando Division of the Middle District of Florida." The final sentence should be amended to reflect that the potential class member will not be responsible to pay Plaintiff's counsel's attorney's fees directly. The Notice should state that the potential class members have the right to retain their own counsel.

6. **On or before August 12, 2019**, Defendants shall provide Plaintiff with the names, job titles, dates of employment, last known addresses, telephone numbers, and email addresses for everyone in the class.

7. **Within ten days of receiving the above list**, Plaintiff shall send the approved Notice and Consent Forms containing the revision above with a self-addressed return envelope to each putative class member via first class mail and email.

8. **Within seven days** from date of sending Notice deadlines, Plaintiff shall notify the Court of the date the Notices were sent.

9. Potential class members may electronically sign their consents.

10. The Motion is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2019.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record