UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES KRAFT,

      Plaintiff,

vs.                                                        Case No. 6:18-CV-1469-WWB-GJK

FREIGHT HANDLERS, INC. and FHI, LLC,

      Defendants.

_____

**DEFENDANTS' MOTION TO COMPEL
AND MEMORANDUM OF LAW IN SUPPORT**

Pursuant to Fed. R. Civ. P. 37, Defendants Freight Handlers, Inc. and FHI, LLC (collectively, the "Defendants") respectfully move the Court to compel Plaintiffs James Kraft, Jimmian Alvarez, Eugene Couch, Richard Doggett, Larry Holden, Jonathan Mason, Duvan Nichols, Luis Torres, Eric Vega, Lavarius Vinson, and Joshua Ergle (collectively "Plaintiffs") to respond fully and completely to Defendants' First Set of Interrogatories and Defendants' First Request for Production of Documents.

**I.**     **STATEMENT OF FACTS**

On September 7, 2018, Plaintiff James Kraft filed a complaint on behalf of himself and similarly situated individuals alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime pay and minimum wage. (Dkt. 1.) On October 11, 2018, the Court entered an FLSA Scheduling Order that imposed disclosure and document production obligations on opt-in plaintiffs who joined the action prior to the dissemination of a court-approved opt-in notice. (Dkt. 25.) In the months that followed (and before the issuance of a Court-approved opt-in notice), thirteen individuals filed notices of their consent to join as opt-in plaintiffs (the

"Pre-Notice Plaintiffs"). (*See* Dkt. 2, 19, 44, 45, 57, 58, 59, 61, 62, and 88.) Seven of the Pre-Notice Plaintiffs joined Named Plaintiff in providing declarations in support of Plaintiff's Motion for Class Certification. (*See* Dkt. 60, 60-3, 60-4, 60-5, 60-6, 60-7, 60-8, 60-9, 60-10.) Thus, all of the Pre-Notice Plaintiffs and Plaintiff are obviously active participants invested in the case.

On October 30, 2019, Defendants served on Plaintiff's counsel Interrogatories, Requests for Production, and Requests for Admission relevant to the Plaintiff's and Pre-Notice Plaintiffs' unpaid wage claims and Defendants' anticipated motion for decertification. (Dkt. 125, 125-1, 125-2, 125-3.) Counsel for the Plaintiffs resisted responding to the discovery requests and moved for a protective order on November 27, 2019. (Dkt. 120.) On January 1, 2020, the Court ordered the Plaintiffs to respond to Defendants' outstanding discovery requests within fourteen days. (Dkt. 140.) The Court subsequently extended the deadline for the Defendants' responses to January 23, 2020. (Dkt. 146.)

On January 16, 2020, Plaintiff's counsel served discovery responses on behalf of Plaintiffs Kraft, Alvarez, Couch, Doggett, Green, Holden, Mason, Nichols, Torres, Vega, and Vinson. On January 23, 2020, Plaintiff's counsel served discovery responses on behalf of Pre-Notice Plaintiff Ergle. Plaintiff's counsel stated that were unable to reach Pre-Notice Plaintiffs Marcus Kennedy and James Wild and therefore, they did not have any responses or objections. (Ex. A.) Plaintiff's counsel made no effort to seek extensions for Mr. Kennedy's or Mr. Wild's discovery responses. Plaintiff's counsel eventually served Mr. Wild's untimely responses to Defendants' Interrogatories and Requests for Admissions on January 27, 2020. (Ex. B.) Plaintiff's counsel did not serve Mr. Wild's responses to Defendants' Requests for Production until March 16, 2020. (Ex. B-1).

Upon review of the Plaintiffs' discovery responses, it became immediately apparent that rather than provide responsive information and documents, Plaintiffs simply stonewalled, asserted

2

a frivolous litany of boilerplate objections, and provided misleading responses as to their possession of relevant documents.

   A.   **Defendants' First Set of Interrogatories to Plaintiffs.**

Defendants First Set of Interrogatories to each of the Plaintiffs contained *only three straightforward questions* regarding their unpaid overtime and minimum wage claims:

**INTERROGATORY NO. 1:** For each work week during the statute of limitations period you claim applies to your case, specifically state the following using the form set forth in the chart below: (a) the regular hours you allege you worked for Defendants; (b) the overtime hours, if any, you allege you worked for Defendants; and (c) the total hours you allege you worked for Defendants.

**RESPONSE:**

| WEEK NO. | PAY PERIOD DATES | ALLEGED REGULAR HOURS WORKED | ALLEGED OVERTIME HOURS WORKED | ALLEGED TOTAL HOURS WORKED |
|---|---|---|---|---|
|  |  |  |  |  |
| 1. |  |  |  |  |
| 2. |  |  |  |  |
| … |  |  |  |  |

**INTERROGATORY NO. 2:** Identify each work week during the statute of limitations period you claim applies to your case in which you allege you were not paid minimum wage. For each such work week, specifically state the following using the format set forth in the chart below: (a) the total number of hours you claim you worked for Defendants; and (b) the effective hourly rate you claim you were paid by Defendants.

**RESPONSE:**

| WEEK NO. | PAY PERIOD DATES | ALLEGED TOTAL HOURS WORKED | ALLEGED HOURLY RATE |
|---|---|---|---|
| 1. |  |  |  |

| WEEK NO. | PAY PERIOD DATES | ALLEGED TOTAL HOURS WORKED | ALLEGED HOURLY RATE |
|---|---|---|---|
| 2. | | | |
| 3. | | | |
| … | | | |

**INTERROGATORY NO. 3:** To the extent that you denied any of the Requests contain in Defendants' First Requests for Admission to you, state the basis for your denial.

**RESPONSE:**

(*See* Defendants' First Set of Interrogatories to Named Plaintiff James Kraft (Ex. C-1); Defendants' First Set of Interrogatories to Opt-In Plaintiff Jimmian Alvarez (Ex. C-2); Defendants' First Set of Interrogatories to Opt-In Plaintiff Eugene Couch (Ex. C-3); Defendants' First Set of Interrogatories to Opt-In Plaintiff Richard Doggett (Ex. C-4); Defendants' First Set of Interrogatories to Opt-In Plaintiff Edward Green (Ex. C-5); Defendants' First Set of Interrogatories to Opt-In Plaintiff Larry Holden (Ex. C-6); Defendants' First Set of Interrogatories to Opt-In Plaintiff Jonathan Mason (Ex. C-7); Defendants' First Set of Interrogatories to Opt-In Plaintiff Duvan Nichols (Ex. C-8); Defendants' First Set of Interrogatories to Opt-In Plaintiff Luis Torres (Ex. C-9); Defendants' First Set of Interrogatories to Opt-In Plaintiff Eric Vega (Ex. C-10); Defendants' First Set of Interrogatories to Opt-In Plaintiff Lavarius Vinson (Ex. C-11); and Defendants' First Set of Interrogatories to Opt-In Plaintiff Joshua Ergle (Ex. C-12)).

The Interrogatories requested that Plaintiffs identify the hours they alleged to have worked by week and provide the information in a chart. Plaintiffs refused to provide this information, and instead, Plaintiffs served identical boilerplate objections to Defendants Interrogatories Nos. 1 and 2. Specifically, *each* of the Plaintiffs provided the following response to Defendants

Interrogatories Nos. 1 *and* 2:

> **RESPONSE**: Plaintiff objects to this Interrogatory on the grounds that it is overbroad, vague and ambiguous. Plaintiff also objects to this Interrogatory on the grounds that it seeks information that is already within Defendant's possession and is, therefore, available from a less burdensome source. Plaintiff further objects to this Interrogatory to the extent that it calls for a legal conclusion and attempts to place the record keeping burden on Plaintiff when the law requires Defendants to maintain accurate and complete time records of hours worked. *Anderson v. Mt. Clemons Co.*, 328 U.S. 680, 686-688 (1946); 29 U.S.C. § 211(c). Subject to, and without waiving the foregoing objections, *see* Plaintiff's responses to Court Interrogatories.

(*See* Plaintiff James Kraft's Response to Defendants' First Set of Interrogatories to (Ex. D-1); Plaintiff Jimmian Alvarez's Response to Defendants' First Set of Interrogatories (Ex. D-2); Plaintiff Eugene Couch's Response to Defendants' First Set of Interrogatories (Ex. D-3); Plaintiff Richard Doggett's Response to Defendants' First Set of Interrogatories (Ex. D-4); Plaintiff Edward Green Response to Defendants' First Set of Interrogatories to Opt-In (Ex. D-5); Plaintiff Larry Holden's Response to Defendants' First Set of Interrogatories (Ex. D-6); Plaintiff Jonathan Mason's Response to Defendants' First Set of Interrogatories to Opt-In (Ex. D-7); Plaintiff Duvan Nichols's Response to Defendants' First Set of Interrogatories (Ex. D-8); Plaintiff Luis Torres' Response to Defendants' First Set of Interrogatories (Ex. D-9); Plaintiff Eric Vega's Response to Defendants' First Set of Interrogatories (Ex. D-10); Plaintiff Lavarius Vinson's Response to Defendants' First Set of Interrogatories (Ex. D-11); and Plaintiff Joshua Ergle's Response to Defendants' First Set of Interrogatories (Ex. D-12)).

    **B.**    **Defendants' First Request for Production of Documents**

Plaintiffs' boilerplate responses to Defendants' Interrogatories Nos. 1 and 2 were not outliers. Instead, all of Plaintiffs' discovery responses were virtually identical, thereby calling into question Plaintiff's counsel's diligence in responding to Defendants' discovery requests. As with Plaintiffs' deficient responses to Defendants' Interrogatories, Plaintiffs recited a similar litany of

unfounded boilerplate objections, only for Plaintiffs to ultimately claim that they had no responsive, non-privileged documents. (*See* Plaintiff James Kraft's Response to Defendants' First Request for Production of Documents (Ex. E-1); Plaintiff Jimmian Alvarez's Response to Defendants' First Request for Production of Documents (Ex. E-2); Plaintiff Eugene Couch's Response to Defendants' First Request for Production of Documents (Ex. E-3); Plaintiff Richard Doggett's Response to Defendants' First Request for Production of Documents (Ex. E-4); Plaintiff Edward Green Response to Defendants' First Request for Production of Documents (Ex. E-5); Plaintiff Larry Holden's Response to Defendants' First Request for Production of Documents (Ex. E-6); Plaintiff Jonathan Mason's Response to Defendants' First Request for Production of Documents (Ex. E-7); Plaintiff Duvan Nichols's Response to Defendants' First Request for Production of Documents (Ex. E-8); Plaintiff Luis Torres' Response to Defendants' First Request for Production of Documents (Ex. E-9); Plaintiff Eric Vega's Response to Defendants' First Request for Production of Documents (Ex. E-10); Plaintiff Lavarius Vinson's Response to Defendants' First Request for Production of Documents (Ex. E-11); and Plaintiff Joshua Ergle's Response to Defendants' First Request for Production of Documents (Ex. E-12)). Additionally, Plaintiffs objected to several requests as "seek[ing] documents that are not reasonably calculated to lead to discovery of admissible evidence," though the "likely to lead to the discovery of relevant, admissible evidence" terminology was deleted from the Federal Rule of Civil Procedure 26(b) in 2015.[1]  Plaintiffs also asserted objections based on attorney-client privilege and work product, *but did not produce a privilege log*.  These evasive responses made it virtually impossible for Defendants to determine whether Plaintiffs were withholding otherwise discoverable documents under Fed. R. Civ. P. 26.

---

[1] Under the current Federal Rules of Civil Procedure, a party may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b).

### C. Meet and Confer with Plaintiffs' Counsel

During a meet and confer telephone conference between the Parties on March 18, 2020, Defendants' counsel raised the Plaintiffs' invalid boilerplate responses and other deficiencies in the Plaintiffs' discovery responses. On March 20, 2020, Defendants followed up with a detailed letter identifying Plaintiffs' deficient discovery responses and requested that Plaintiffs produce the requested responsive information and documents by March 30, 2020. (Ex. F.) Plaintiff failed to produce the requested information and documents by March 30, 2020. Plaintiffs amended their responses to Defendant's First Requests for Admission, but failed to produce any documents responsive to Defendants' Request for Production and doubled down on their identical boilerplate responses to Defendants' Interrogatories Nos. 1 and 2. (*See* Ex. G.) In response to Defendants' request, Plaintiff did produce a privilege log consisting of just two generic entries, one of which claimed a blanket attorney-client/work product privilege over all communications between Plaintiffs' counsel and "FHI Lumpers." (Ex. H.) Accordingly, Defendants were forced to file this motion to obtain the discovery to which they are entitled.

## II. ARGUMENT

Under Fed. R. Civ. P. 37(a)(3)(B), a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if, among other discovery deficiencies, a party fails to answer an interrogatory submitted under Fed. R. Civ. P. 33 or a party fails to produce documents as requested under Fed. R. Civ. P. 34. An evasive or incomplete answer or response is analogous to a failure to disclose, answer or respond under Fed. R. Civ. P. 37(a)(4). Further, if the motion to compel is granted, the court must, after giving an opportunity to be heard, order the party whose conduct necessitated the motion, the attorney advising the conduct, or both, to pay the moving party's "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

    **A.**    **Plaintiffs' Responses to Defendants' Interrogatories Contain Frivolous Boilerplate Objections and Fail to Meet Their Discovery Obligations in an FLSA Collective Action.**

Defendants' Interrogatories Nos. 1 and 2 seek relevant and specific information regarding the Plaintiffs' unpaid overtime and minimum wage claims. Specifically, Defendants request that each of the Plaintiffs identify by work week: a) the regular hours that he allegedly worked for Defendants; (b) the overtime hours, if any, he allegedly worked for Defendants; (c) the total hours that allegedly worked for Defendants; d) the effective hourly rate that he was allegedly paid by Defendants. (*See* Exs. C-1 through C-12.) Defendants in FLSA collective actions are entitled to discovery regarding the specific facts underlying the plaintiffs' unpaid wage claims, including, but not limited to, when they worked, the number of hours they claim they worked, and whether they claim they worked in excess of forty hours **per week**. *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 2:08-CV-00722, 2010 WL 2872406, at *4 (D. Nev. July 19, 2010); *see also Romero v. Fla. Light and Power Co.*, 609CV1401ORL35GJK, 2010 WL 11507572, at *3 (M.D. Fla. Dec. 13, 2010) (defendant entitled to discovery regarding the specific dates on which plaintiffs claimed they were not fully compensated for their services). Defendants may discover any other information that FLSA plaintiffs may possess regarding their unpaid wage claims. *Gomez v. Mickey's Plumbing, Inc.*, No. 12-80742-CIV-RYSKAMP/HOPKINS, 2013 WL 12140967, at *2 (S.D. Fla. July 11, 2013).

Plaintiffs object that Defendants' Interrogatories Nos. 1 and 2 are "overbroad, vague and ambiguous." *See* Exs. D-1 through D-12. Plaintiffs make no effort to explain how the Interrogatories are "overbroad, vague, and ambiguous," nor can they. Such objections are "meaningless," "preserv[e] nothing, and constitut[e] only a waste of effort and the resources of both the parties and the court." *Gomez*, 2013 WL 12140967, at *2 (citation omitted). Defendants' Interrogatories Nos. 1 and 2 are neither vague nor ambiguous. They are very clear as to the

information that is being sought from Plaintiffs and go so far as to provide Plaintiffs' a template for their responses, thereby removing any confusion regarding the information being sought. The requested information is the very essence of Plaintiffs' damages claims, and it also is relevant to whether the Plaintiffs are similarly situated for purposes of Defendants' anticipated motion for decertification. Defendants are entitled to discovery regarding "the specific dates Plaintiffs claim they were not fully compensated for their services," and Plaintiffs must disclose it. *Romero*, 2010 WL 11507572, at *3.

Plaintiffs also object to Interrogatories No. 1 and 2 on the grounds that each "seeks information that is already within Defendants' possession and therefore, available from a less burdensome source." (*See* Exs. D-1 through D-12.) This objection is nonsensical. The Complaint alleges that Plaintiffs allegedly worked off the clock, and Defendants' records are allegedly inaccurate and/or inadequate. (*See, e.g.*, Dkt. 1 at ¶¶ 69-70, 86, 88). Additionally, the Plaintiffs' responses to Defendants' Requests for Admissions consistently attempt to call into question the accuracy of Defendants' timecard and payroll records. For example, in response to a Request for Admission relating to Associate Activity Reports ("AAR") maintained by Defendant FHI, LLC that show associate clock-in and clock-out times on each workday, Plaintiff Eugene Couch responded:

> Plaintiff admits receiving an AAR everyday. However the AAR Reports did not accurately reflect the hours worked and/or pay earned.

(Plaintiff Eugene Couch's Response to Defendants' Requests for Admissions No. 12, attached hereto as Ex. I). Plaintiff Richard Doggett similarly responded,

> Plaintiff denies this request to the extent that Plaintiff never received an AAR, to the extent that an AARs listed Plaintiff's clock-in or clock-out times, those times reflected would be the times that the supervisor clocked Plaintiff in and out for the day, which were inaccurate.

(Plaintiff Richard Doggett's Response to Defendants' Requests for Admissions No. 13, attached

9

hereto as Ex. J). Thus, the information that Interrogatories Nos. 1 and 2 seek—the extent to which Plaintiffs' asserted damages deviate from what they have already been paid—is **by its very nature** not within Defendants' possession. *See Brown v. Ansafone Contact Ctrs., LLC*, No. 5:18-cv-490-Oc-30PRL, 2019 WL 5595934, at *3 (M.D. Fla. Oct. 30, 2019) ("[P]laintiffs may have a recollection about their team, shift, or supervisor assignments that differs from Defendant's records and would be relevant to claims or defenses."); *see also Kerschman v. Nationwide Relocation Servs., Inc.*, No. 10-62426-CIV-DIMITROULEAS/Snow, 2012 WL 13005528, at *6 (S.D. Fla. May 7, 2012) ("a party may not refuse to answer an otherwise proper discovery request on the ground that the information sought to be obtained is in the defendant's custody." (citation omitted)). Only the Plaintiffs have the information. They must provide it.

Plaintiffs also object to the Interrogatories "to the extent that it calls for a legal conclusion and attempts to place the recordkeeping burden on Plaintiff when the law requires Defendants to maintain accurate and complete time records of hour worked. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-88 (1946); 29 U.S.C. §211(c)." (*See* Exs. D-1 through D-12.) Plaintiffs further assert that *Anderson* and *Belloso v. Asplundh Tree Expert, Co.*, No. 6:17-cv-2020-Orl-40GJK, 2019 WL 4385684 (M.D. Fla. July 16, 2019), only require a "good faith estimate." (*Id.*). This objection is frivolous and should be dispensed with immediately. As an initial matter, the *Belloso* decision cited by Plaintiffs arises in the motion for summary judgment and motion for decertification context, not the discovery context. *See Belloso*, 2019 WL 4385684, at *1. However, when faced with *Anderson* in the context of discovery in the *Belloso* collective action, U.S. Magistrate Judge Gregory Kelly rejected a nearly identical objection to the one that Plaintiffs assert here. Judge Kelly found "these arguments are unavailing in the discovery context. They relate to whether Defendants fulfilled their obligations under the FLSA and the burden of proof,

***not what is discoverable***." *Belloso v. Asplundh Tree Expert, Co.*, No. 6:17-cv-2020-Orl-40GJK, 2018 WL 6261867, at *2 (M.D. Fla. Sept. 19, 2018) (emphasis added).

In addition, Plaintiffs contend that a week-by-week accounting of their overtime and minimum wage claims is not required, and the damages estimate in their initial answers to the Court's Interrogatories is responsive. (*See* Exs. D-1 through D-12.) Not so. Plaintiffs' duty to answer the Court's Interrogatories pursuant to the FLSA Scheduling Order does not preclude Defendants from serving additional, more detailed interrogatories regarding the Named and Opt-In Plaintiffs unpaid wage claims. This Court routinely requires plaintiffs to respond to such discovery requests even if they have already filed answers to the Court's Interrogatories. *See Brown*, 2019 WL 5595934, at *3 (ordering opt-in plaintiffs to respond to defendant's interrogatory seeking an accounting of FLSA claim). Indeed, defendants are entitled to request more detail regarding the specific answers to the Court's Interrogatories. *See Romero*, 2010 WL 11507572, at *3 (ordering plaintiffs to provide each date, in month-day-year format, on which they were required to work without compensation as alleged in their answers to the Court's Interrogatories).

Moreover, the Plaintiffs' answers to the Court's Interrogatories do not provide the information sought in Defendants Interrogatories Nos. 1 and 2. The Court's Interrogatories requested a general, high-level accounting of the Plaintiffs' FLSA claim. Dkt. 18 at 6. Defendants' Interrogatories No. 1 and 2, in contrast, seek a week-by-week breakdown of Plaintiffs' overtime and minimum wage claims. *See* Exs. C-1 through C-12. Plaintiffs have the records within their possession to provide responsive information on a week-by-week basis because Defendants produced to Plaintiffs their time sheets, earning statements, and associate activity reports identifying for each work day during the statute of limitations period: 1) the Plaintiffs' recorded work hours; 2) the number of trucks that the Plaintiffs unloaded, 3) the type of unloading activities

11

that each Plaintiff performed; and 4) how much the Plaintiff was paid for each truck that he unloaded. (Dkt. 32, 46, 52, 66, 67, 68, 89). While an initial computation of damages need not be detailed early in the case, FLSA plaintiffs are obligated to compute their losses are precisely as possible as the case progresses and to supplement their initial calculation as additional information becomes available. *Clark v. Berkshire Med. Ctr., Inc.*, No. 17-30186-MGM, 2019 WL 78994, at *3 (D. Mass. Jan. 2, 2019).

Plaintiffs' Answers to the Court Interrogatories are also non-responsive because they focus exclusively on their overtime claims and make no mention of their minimum wage claims, if any. Yet Plaintiffs purport to be part of a class of "Unloaders who worked for Defendants...***who were not compensated at a rate at least equivalent to the federal minimum wage in one (1) or more workweeks are required by the FLSA****.*" (*See* Dkt. 40 at 2-3; Dkt. 42 at 2-3; Dkt. 42-1 at 2-3; Dkt. 43 at 3; Dkt. 54 at 3; Dkt. 56 at 2; Dkt. 73 at 3; Dkt. 74 at 3; Dkt. 75 at 3; Dkt. 76 at 3; Dkt. 78 at 3; Dkt. 97 at 3) (emphasis added).) Because the Plaintiffs' Answers to the Court Interrogatories are utterly silent regarding their purported minimum wage claims, they must respond to Defendants' Interrogatory No. 2 and identify the basis for any minimum wage claim they purportedly assert. If they have no such evidence and only seek to recover unpaid overtime, they should so state. This discovery is relevant to decertification and whether the Plaintiffs are similarly situated. *See Mayhew v. Angmar Med. Holdings, Inc.*, No. 18-2365-JWL-KGG, 2019 WL 5556135, at *5 (D. Kan. Oct. 28, 2019) (ordering plaintiff to respond to interrogatories regarding whether she had been paid less than minimum wage where "[i]f [Plaintiff] has no such evidence, then it is difficult to fathom why she believes herself to be 'similarly situated' to other persons, who she claims were also subjected to the same FLSA violations." (citations omitted)).

Plaintiffs' objections to producing relevant information regarding their unpaid overtime

and minimum wage claims have no merit. The information requested by Defendants is relevant to Plaintiffs' overtime and minimum wage claims, as well as Defendants' anticipated motion for decertification. For the foregoing reasons, Defendants respectfully request that the Court overrule Plaintiffs frivolous boilerplate objections and compel complete responses to Defendants' Interrogatories Nos. 1 and 2.

**B. Plaintiffs' Must Withdraw Their Boilerplate Objections and Provide the Non-Privileged Documents Requested in Defendants First Requests for Production of Documents.**

Defendants' Requests for Production legitimately seek discovery regarding the merits of the Plaintiffs' FLSA claims and whether certification is appropriate in this case, including, but not limited to:

- Plaintiffs' claim that their hours were not properly recorded in Defendants' timekeeping system (Defendants' Request for Production No. 4);
- Communications between the Plaintiff and any other person regarding their pay, schedule and hours they actually worked (Defendants' request for Production No. 7);
- The alleged existence of a common policy, plan, or scheme of Defendants that allegedly resulted in the Plaintiff and other employees not receiving compensation for all hours worked (Defendants' Request for Production No. 8);
- Defendants' alleged knowledge that the Plaintiffs worked off the clock (Defendants' Request for Production No. 9;
- Plaintiffs' claim that they and other individuals employed by Defendants are similarly situated (Defendants' Request for Production No. 14);
- Plaintiffs' claim that Defendants alleged violations of the FLSA were willful (Defendants' Request for Production No. 22);
- Plaintiffs' contention that Defendants instructed employees to modify or manipulate time sheets (Defendants Request for Production No. 24); and
- Plaintiffs' contention that they were employed by Freight Handlers, Inc. (Defendants' Request for Production No. 25).

(Exhibits E-1 through E-12).

Plaintiffs uniformly objected to Defendants' Requests for Production on the basis that they

are "overbroad," "seek documents that are not reasonably calculated to lead to the discovery of admissible evidence," "seek documents protected by the attorney-client privilege and work product doctrine," "burdensome and harassing," "seek[] a legal conclusion," and/or " unduly burdensome." (*See* Exs. E-1 through E-12.)  With limited exceptions,[2] Plaintiffs went on to respond that "[s]ubject to, and without waiving the foregoing exceptions, Plaintiff has no responsive non-privileged documents,", but that responsive documents "may" or "are" in Defendants' possession.  These responses are plainly evasive and fail to comply with Fed. R. Civ. P. 34(b)(2)(C), which requires Plaintiffs to state whether responsive materials are being withheld on the basis of their objections.

Plaintiffs' pattern of boilerplate objections coupled with an answer "subject to" and "without waiving" said objections is improper and ineffectual.  *See Chambers v. Sygma Network, Inc.*, No. 6:12-cv-1802-ORL-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr. 25, 2013) ("Such an objection and answer preserves nothing and wastes the time and resources of the parties and the court. Further, this practice leaves the requesting party uncertain as to whether the opposing party has fully answered its request." (citations omitted)).  Their failure to apply the proper Rule 26(b) discovery standard is telling too.  They simply rely on a discovery standard the Court no longer accepts as valid.  Defendants respectfully request that the Court compel Plaintiffs to withdraw their boilerplate objections and produce all documents in their possession or control that are responsive to Defendants' Requests for Production of Documents.  If Plaintiffs are not withholding any documents based on their frivolous boilerplate objections, Plaintiffs should amend their responses to so state.

    **C.**    **Plaintiffs must produce a valid Privilege Log that complies with Fed. R. Civ.**

---

[2] Named Plaintiff Kraft and Pre-Notice Opt-In Plaintiff Jimmian Alvarez answered that they would produce responsive documents, but no documents have been produced to date.  (Ex. E-1, E-2).

P. 26(b)(5).

Plaintiffs uniformly contend that Defendants' Requests for Production seek documents that are protected by the attorney-client privilege or work-product doctrine. (*See* Exhibits E-1 through E-12). However, Plaintiffs purport to extend these privileges to documents that are clearly outside the ambit of attorney-client privileged communications and work product, such as Plaintiffs' social media activities and non-privileged communications with third-parties.[3] Even assuming that the Plaintiffs' blanket assertion of privilege is a valid objection, Plaintiffs have failed to produce a privilege log that complies with Fed. R. Civ. Pro. 26(b)(5).

As an initial matter, a privilege log must be produced simultaneously with the written discovery responses that raise the claim of privilege of attorney work product. *See* U.S. Magistrate Judge Gregory J. Kelly's Standing Order Regarding Privileged and Protected Information at 2. Further, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. Pro. 26(b)(5). Thus, a complete privilege log must contain the following information:

(1) the name and job title or capacity of the author of the document;
(2) the name and job title or capacity of each recipient of the document;
(3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s);
(4) the title and description of the document;
(5) the subject matter addressed in the document;

---

[3] Defendants' Request for Production No. 17, for example, seeks "a]ll LinkedIn or Facebook posts or blog posts made by you (including your agents, your attorneys, or their agents) at any point since January 1, 2015 referencing or regarding this Lawsuit or Defendants." Plaintiffs objected on the basis of attorney-client privilege and work product doctrine. (*See* Exs. E-1 through E-12). The idea that Plaintiffs' own social media posts somehow constitute attorney-client privileged communications or attorney work product is as disingenuous as it is laughable. *See Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012) ("Generally, [Social Networking Site] content is neither privileged nor protected by any right of privacy.").

      (6)    the purpose(s) for which it was prepared or communicated; and
      (7)    the specific basis for the claim that it is privileged.

*Hernandez v. Wilsonart Int'l, Inc.*, No. 2:09-cv-747-FtM-36SPC, 2010 WL 2653223, at *4 (M.D. Fla. July 2, 2010); *see also* U.S. Magistrate Judge Gregory J. Kelly's Standing Order Regarding Privileged and Protected Information at 2 (privilege logs must contain, among other categories of information, the names and job titles or capacities of the authors and recipients of privileged information and the specific discovery requests to which each item of privileged information is responsive).

      The Privilege Log produced by Plaintiff following the parties' meet-and-confer is woefully inadequate. (Ex. H). It contains just two entries and fails to provide sufficient information for Defendants to determine whether the privilege objection is valid. Plaintiff claims that on "various" dates, Plaintiffs' counsel engaged in "witness communications" with "FHI Lumpers" and that such communications are protected from disclosure as work product or attorney-client privileged communications. "Blanket and general assertions of a claim of privilege do not provide sufficient detail about the documents . . . to determine whether the withheld documents were privileged." *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1393 (N.D. Ga. 2017); *see also* U.S. Magistrate Judge Gregory J. Kelly's Standing Order Regarding Privileged and Protected Information at 3-4 (the party asserting a claim of privilege or work-product protection bears the burden of proving that such protections apply; "mere conclusory or ipse dixit assertions" are insufficient to discharge this burden).

      Moreover, there is no evidence whatsoever that the alleged "witness communications" are covered by the attorney-client privilege. The mere fact that an individual who was employed by FHI loading trucks (or, as Plaintiff erroneously insists on referring to FHI associates, a "lumper") speaks with Plaintiff's counsel does not automatically give rise to the existence of an attorney-

16

client relationship. "What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." *Id.* at 1391 (citation omitted). Plaintiffs' Privilege Log fails to identify whether the communications are written or verbal, whether they predate the filing of the complaint or were made during the pendency of this litigation, the sender and recipient of any written communications or other documents, or provide any other information that would enable Defendants to determine whether the attorney-client privilege or attorney-work product actually applies. Accordingly, Plaintiffs must produce an amended privilege log that complies with Fed. R. Civ. P. 26(b)(5). *Diagnostic Leasing, Inc. v. Associated Indem. Corp.*, No. 8:16-CV-958-T-36TGW, 2017 WL 10085025, at *1 (M.D. Fla. Aug. 11, 2017) (ordering plaintiff to supplement privilege log to identify the relationship between the plaintiff and the preparer(s) and recipient(s) of documents, and set forth facts demonstrating the existence of the privilege and/or immunity).

### D. Plaintiff Must Pay Defendants' Reasonable Expenses Incurred for Bringing This Motion to Compel.

Defendants are entitled to recover their costs and reasonable expenses incurred in filing this motion, including reasonable attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A). Federal Rule of Civil Procedure 37(a)(5) ("Rule 37(a)") states, in pertinent part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). The notes of the Advisory Committee that revised the attorney's fees provision of Rule 37(a) confirm "in effect that expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. *See Valentine v. Physicians*

17

*Grp. Servs., P.A.*, No. 3:16-CV-414-J-32PDB, 2017 WL 78650, at *2 (M.D. Fla. Jan. 9, 2017) (upon granting defendant's motion to compel, court must order plaintiff to pay the defendant's "reasonable expenses" incurred in bringing the motion after plaintiff has had an opportunity to be heard).

Plaintiffs have not acted "justifiably" in forcing Defendants to file this motion. Plaintiffs has unreasonably failed to provide Defendants with the relevant information regarding their unpaid wage claims under the FLSA, thereby necessitating this Motion. Plaintiffs cannot justify refusing to provide unprivileged information that is relevant and discoverable.

### III.  CONCLUSION

At every stage of this proceeding, the Plaintiffs have tried to avoid their obligation to engage in discovery. Plaintiffs' frivolous objections and evasive responses to Defendants' Interrogatories Nos. 1 and 2 and Defendants' First Requests for Production are just the latest example of Plaintiffs' willful refusal to comply with their discovery obligations. For the reasons set forth herein, Defendants respectfully request that the Court order the Plaintiffs Kraft, Alvarez, Couch, Doggett, Ergle, Holden, Kennedy, Mason, Nichols, Torres, Vega, and Vinson to withdraw their boilerplate objections, serve complete responses to Defendants' Interrogatories Nos. 1 and 2 and Defendants' First Requests for Production, and produce a compliant privilege log.

### IV.  CERTIFICATE OF GOOD FAITH CONFERENCE

Counsel for Defendants certify that, pursuant to Local Rule 3.01(g), they have conferred with Plaintiff's counsel regarding the requested discovery responses via telephonic conference and via e-mail correspondence. Plaintiffs' counsel object to the relief requested herein.

Dated: May 22, 2020.

                Respectfully submitted,

                *s/Noelle A. Abastillas*
                Kevin W. Shaughnessy, Esq.
                Florida Bar No.: 0473448
                E-mail: kshaughnessy@bakerlaw.com
                Ashley M. Schachter, Esq.
                E-mail: aschachter@bakerlaw.com
                Florida Bar No.: 0119374
                **BAKER & HOSTETLER LLP**
                200 South Orange Avenue
                SunTrust Center, Suite 2300
                Orlando, FL 32802-0112
                Telephone: (407) 649-4000
                Facsimile: (407) 841-0168

                *and*

                Randall D. Avram, Esq.
                NC Bar No.: 13403
                Email: RAvram@kilpatricktownsend.com
                Yendelela N. Holston, Esq.
                GA Bar No.: 424429
                Email: YHolston@kilpatricktownsend.com
                Chang Yu, Esq.
                MA Bar No.: 691912
                Email: AYu@kilpatricktownsend.com
                Noelle Abastillas, Esq.
                GA Bar No.: 211589
                Email: NAbastillas@kilpatricktownsend.com
                **KILPATRICK TOWNSEND LLP**
                4208 Six Forks Rd., Suite 1400
                Raleigh, NC 27609
                Telephone: (919) 420-1700

                **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew R. Gunter, Esq.
mgunter@forthepeople.com
**Morgan & Morgan, P.A.**
20 N. Orange Avenue, 16th Floor
Orlando, Florida 32801-4979

Paul M. Botros, Esq.
pbotros@forthepeople.com
**Morgan & Morgan, P.A.**
600 N. Pine Island Road, Suite 400
Plantation, Florida 33324

Gregg I. Shavitz, Esq.
gshavitz@shavitzlaw.com
Camar R. Jones, Esq.
cjones@shavitzlaw.com
**Shavitz Law Group, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33431


*s/Noelle A. Abastillas*