**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES KRAFT** *et al.*,

        **Plaintiffs,**

v.                                           Case No: 6:18-cv-1469-Orl-78GJK

**FREIGHT HANDLERS, INC. and**
**FHI, LLC,**

        **Defendants.**

**ORDER**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** JOINT MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 259)
>
> **FILED:** October 9, 2020
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On September 7, 2018, Plaintiffs filed a Complaint against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Doc. No. 1. On July 31, 2019, a nationwide class of Defendants' employees was

conditionally certified. Doc. No. 90. On May 15, 2020, Plaintiffs filed a First Amended Complaint that added state class action claims for minimum and overtime wage violations. Doc. No. 199. On August 14, 2020, the parties participated in a settlement conference with Magistrate Judge Leslie R. Hoffman. Doc. No. 244. The parties reached a settlement agreement ("Settlement Agreement") for resolution of Plaintiffs' overtime wage claims.

On October 9, 2020, the parties filed a Joint Motion for Approval of Settlement (the "Motion"). Doc. No. 259. The Settlement Agreement provides for a gross settlement amount of $315,000 for all remaining opt-in plaintiffs.[1] *Id.* at 5. The settlement amount will be distributed to 343 plaintiffs. *Id.* Each plaintiff's individual award was calculated by adding 65 minutes to each work week that he or she was employed as a handler by Defendants for a three year period, and in New York for a six year period, preceding the filing of a consent to join this action. *Id.* at 6, 12. As the parties explain:

> Each Plaintiff's individual settlement amount was determined by adding 65 minutes to each work week he or she was employed as a Handler within the three-year period preceding the date he or she filed a Consent to Join this action. If a Plaintiff was employed in New York, that plaintiff will receive compensation for an additional 65 minutes for each week he or she was employed as a Handler within the six-year period preceding the filing of his or her Consent to Join this action. All Plaintiffs received a minimum allocation of

---

[1] The Settlement Agreement is conditioned on the granting of Defendants' pending motion for summary judgment as to 97 opt-in plaintiffs whose claims are barred by the statute of limitations. Doc. Nos. 255; 259-1.

> $50.45. Accordingly, if a Plaintiff had no damages when assuming 65 minutes of off-the-clock time, he or she received $50.45.

*Id.* These time periods relate to the applicable statutes of limitations. Doc. No. 259 at 6 n. 3; *see* 28 U.S.C. § 255(a); N.Y. Labor Law § 663 (Consol. 2020). Exhibit B to the Settlement Agreement states the total amount each of the 343 plaintiffs will receive under the Settlement Agreement. Doc. No. 259-1 at 22-30.

The parties indicate that *each* plaintiff "will recover money and liquidated damages under the Settlement Agreement." Doc. No. 259 at 12. However, the parties only provide the gross amount to be awarded to each plaintiff with no other support whatsoever of how that amount was reached. Doc. No. 259-2.

Pursuant to 29 U.S.C. § 216(b), an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional *equal* amount as liquidated damages. The award of liquidated damages is mandatory unless the employer can show that its actions were taken in good faith and it had reasonable grounds for believing its actions did not violate the statute. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008). Without an explanation as to the amount of actual and liquidated damages for each plaintiff, the Court cannot approve the Settlement Agreement.

Accordingly, it is hereby **ORDERED** that the Motion (Doc. No. 259) is **DENIED.**

**DONE** in Orlando, Florida on November 12, 2020.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties